# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS RAY ARLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY K. HOSLEY, JOHN AND JANE DOE, A-Z et. al.,<br><br>Defendants. | Case No. 3:18-cv-00171-BLW<br><br>MEMORANDUM DECISION & ORDER RE: APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |

## INTRODUCTION

The Court has before it Plaintiff's Application to Proceed in District Court Without Repaying Fees or Costs (Dkt. 1). Plaintiff conditionally filed his Complaint pursuant to his request for *in forma pauperis* status. For the reasons explained below, the Court will deny the application without prejudice and allow Plaintiff to file an amended complaint.

## STANDARD OF REVIEW

**A. In Forma Pauperis**

An *in forma pauperis* application may be authorized by the Court in any civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets he possesses, and (2) that the person is unable to pay such

fees or give security. 28 U.S.C.1915(a)(1). An affidavit is sufficient if it states that the Plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).

Here, Plaintiff submitted an application that states he is homeless, he will receive unemployment assistance of Three Hundred and Thirty-Five Dollars and Zero Cents ($335.00) per week for the next 9 weeks, and he is unable to pay the filing fee (Dkt. 1). He lists $700 per month in financial obligations that include: truck payment, gas, school loan, phone, car insurance, and a storage unit. Plaintiff has sufficiently pled his inability to pay the costs of the proceeding and still provide himself with the necessities of life. *See Adkins*, 335 U.S. at 339.

**B. 28 U.S.C. § 1915(e)**

The Court is required to review *in forma pauperis* complaints seeking relief to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e). Section 1915(e) of Title 28 of the United States Code authorizes federal courts to dismiss claims filed *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Pleadings prepared by *pro se* litigants are held to a less stringent standard and are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

An *in forma pauperis* complaint is frivolous if it has "no arguable basis in fact or law." *O'Loughlin*, 920 F.2d at 617. The United States Supreme Court has stated that a complaint filed *in forma pauperis* may be dismissed as frivolous if it is premised upon "fantastic or delusional scenarios," outlandish legal theories, or the infringement of a legal interest that does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000)). Moreover, "[a] finding of factual frivolousness is appropriate when the facts as alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Additionally, a complaint should be dismissed under Federal Rule of Civil Procedure 8 if the factual allegations are not "plausible," but merely "conceivable." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). A complaint should be dismissed under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Although the Court generally construes *pro se* pleadings liberally when conducting an initial review, "*pro se* litigants must follow the same rules of procedure that govern other litigants." *Id.* (quoting *King*, 814 F.2d at 567).

# DISCUSSION

Arledge's Complaint is somewhat difficult to comprehend, but it appears he is alleging fraud against Nancy K. Hosley. It appears he is alleging that Hosley violated the Idaho Uniform Probate Code by failing to pay Federal or State estate taxes, and by illegally distributing his father's estate. To prove fraud in Idaho, a plaintiff must establish the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge about its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the [representation]; (8) his rights to rely thereon; (9) his consequent and proximate injury." *Jenkins v. Boise Cascade Corp.*, 108 P.3d 380, 386 (Idaho 2005) (internal citation omitted). Moreover, these elements must be pled with particularity. That is, a party claiming fraud or mistake is required to go beyond the minimalist requirements of Rule 8(a)(2) and must state "with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

To satisfy the particularity requirement, Arledge "must set forth more than the neutral facts necessary to identify the transaction." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (internal quotation mark omitted). Examples of "neutral facts" are the "time, place, and content of the alleged misrepresentation." *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011). Instead, "[t]he plaintiff must set forth what is false or misleading about a statement, and *why it is false*."

*Id.* (emphasis added). Alleging why a statement is false is a contextual task. Fraud protects against false statements of past or existing fact. *Gillespie v. Mountain Park Estates*, LLC, 142 Idaho 671, 132 P.3d 428, 431 (2006).

Arledge's fraud allegation falls far short of what is required. However, the Court will grant Arledge leave to amend his Complaint to identify, with particularity, the elements of fraud. The Court will give Arledge some explanation of what is missing so that he can properly amend his Complaint, but the Court will caution Arledge that if his amended complaint does not provide sufficient particularity, the amended complaint will be dismissed without leave to amend.

The first three elements of fraud require Arledge to identify a materially false representation. *Jenkins*, 108 P.3d at 386. Arledge alleges fraud because his father's estate was not executed according to the Idaho Uniform Probate Code, State and Federal estate taxes were not paid, and his father was improperly cremated when his wishes were to be buried. (Dkt. 2). But Arledge fails to reference a materially false representation or the time, place, and content of the alleged misrepresentation. In re *GlenFed Sec. Litig.*, 42 F.3d at 1547–48. In fact, Arledge seems to suggest Hosley was the executor of his Father's estate, but does not assert how she made any false representations. Moreover, he does not explain how she knew what she was doing or saying was false. In turn, he cannot explain that she knew it was false. Finally, the Court may be able to infer from the allegations that someone cremated Arledge's father and that the estate mistakenly paid Hosley from the estate based upon something Hosley did, but it would be a serious

stretch. Likewise, there is simply no allegation that Arledge relied on a representation by Hosley or of his consequent and proximate injury.

In the end, the Court is left to fill in too many blanks on Arledge's fraud claim. Thus, although the Court has serious concerns that Arledge can assert a proper fraud claim, the Court will grant Arledge leave to amend his complaint. A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

## ORDER

**IT IS HERBY ORDERED:**

1. Plaintiff's Application to Proceed in District Court Without repaying Fees or Costs (Dkt. 1) is **DENIED without prejudice**. Plaintiff may file an amended complaint to correct deficiencies in his fraud claim. The amended complaint

stretch. Likewise, there is simply no allegation that Arledge relied on a representation by Hosley or of his consequent and proximate injury.

In the end, the Court is left to fill in too many blanks on Arledge's fraud claim. Thus, although the Court has serious concerns that Arledge can assert a proper fraud claim, the Court will grant Arledge leave to amend his complaint. A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

## ORDER

**IT IS HERBY ORDERED:**

1. Plaintiff's Application to Proceed in District Court Without repaying Fees or Costs (Dkt. 1) is **DENIED without prejudice**. Plaintiff may file an amended complaint to correct deficiencies in his fraud claim. The amended complaint

must be filed on or before November 14, 2018 or the case will be dismissed in its entirety with prejudice.

DATED: October 31, 2018

B. Lynn Winmill
Chief U.S. District Court Judge